McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:19-cr-00133 NONE/SKO |
| Plaintiff, | **STIPULATION TO CONTINUE JULY 6, 2020 STATUS CONFERENCE TO OCTOBER 19, 2020; ORDER** |
| v. | Ctrm:   7 |
| | Hon. Sheila K. Oberto |
| ROBERT FRENCHIE McGRIFF, | |
| Defendant. | |

     This case is set for a status conference on July 6, 2020.  On April 17, 2020, this Court issued General Order 617, which suspended all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allowed district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.  On May 13, 2020, this Court issued General Order 618, which superseded General Order 617 and extended the court's "judicial emergency for an additional one-year period and suspending the time limits [in criminal cases] of 18 U.S.C. § 3161(c) until May 2, 2021."

///

1

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

///

///

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for this matter's next status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Gary L. Huss, counsel for defendant Robert Frenchie McGriff ("defendant"), that this action's **Monday, July 6, 2020 status conference be continued to Tuesday, October 19, 2020, at 1:00 p.m.**  The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause.  Specifically,

1. The government has thus far provided many thousands of pages of written discovery to defense counsel.  This discovery includes investigative reports, probation and criminal history records, search warrant documents, voluminous records relating to defendant's social media accounts, and information about defendant.  Defense counsel continues with his analysis of these items.

2. Since the parties' last status conference last March, wherein they advised the court that they deemed it prudent for defendant to be psychologically examined and that defense counsel would work toward hiring a psychologist to examine him, the defense has been diligently working toward accomplishing this goal.  A psychologist has been hired, and he has worked through the voluminous discovery in this case.  In light of the current pandemic, however, he has faced difficulties arranging for the psychologist to meet with defendant at the detention facility at Lerdo in a private setting.  Defense counsel will continue to work toward arranging

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

3

for defendant to be examined and a report prepared, and if he faces continued difficulties in this regard he will advise the court.

3. Once defendant is analyzed and a report provided, counsel for the parties will promptly address the extent it is possible to resolve this matter through a plea agreement.

4. The parties therefore stipulate that the period of time from July 6, 2020, through October 19, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  June 29, 2020                         MCGREGOR W. SCOTT
                                              United States Attorney


                                         By:  /s/ BRIAN W. ENOS
                                              BRIAN W. ENOS
                                              Assistant United States Attorney


                                              (*As authorized 6/29/20*)

Dated: June 29, 2020                     By:  /s/ Gary L. Huss
                                              Gary L. Huss, Esq.
                                              Attorney for Defendant
                                              Robert Frenchie McGriff

**O R D E R**

IT IS ORDERED that the status hearing currently set for July 6, 2020, at 1:00 pm is continued until October 19, 2020, at 1pm.

IT IS FURTHER ORDERED THAT the period of time from July 6, 2020 through October 19, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: **June 30, 2020**                              /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE