PHILLIP A. TALBERT
Acting United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone:  (559) 497-4000
Facsimile:   (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>    v.<br><br>ROBERT FRENCHIE McGRIFF,<br><br>       Defendant. | Case No: 1:19-cr-00133 NONE/SKO<br><br>**STIPULATION TO CONTINUE APRIL 21, 2021 STATUS CONFERENCE TO JULY 7, 2021; ORDER**<br><br>Ctrm:  7<br><br>Hon. Sheila K. Oberto |

   This case is set for a status conference on Wednesday, April 21, 2021.  On April 17, 2020, this Court issued General Order 617, which suspended all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allowed district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.  On May 13, 2020, this Court issued General Order 618, which superseded General Order 617 and extended the court's "judicial emergency for an additional one-year period and suspending the time limits [in criminal cases] of 18 U.S.C. § 3161(c) until May 2, 2021."

///

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit much more enduring, barrier to the prompt proceedings mandated by the statutory rules.

///

///

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for this matter's next status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Eric V. Kersten, counsel for defendant Robert Frenchie McGriff ("defendant"), that this action's **Wednesday, April 21, 2021 status conference be continued to Wednesday, July 7, 2021, at 1:00 p.m.**  The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause.  Specifically,

1. Since the parties' last filing with the court, which was submitted in the form of a January 12, 2021 Joint Status Report and which advised the court of the status of the case (Dkt. 34), prior defense counsel Gary Huss's January 25, 2021 motion to withdraw from the case was both heard and granted by the court.  Mr. McGriff did not object to prior counsel's request to withdraw.  Dkt. 37.

2. On February 16, 2021, Mr. McGriff's new counsel filed his Notice of Appearance regarding this case, and appeared at its status conference later that day.  Dkts. 38 and 39.  At this status conference, counsel for the government advised the court that he had provided new counsel with a full set of discovery previously provided to Mr. McGriff's prior counsel, which itself exceeds many thousands of pages of information.  Dkt. 39.  The parties also agreed to a stipulation safeguarding the confidentiality of third parties identified in this discovery, which the court endorsed by way of a formal order.  Dkt. 41.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

3. The discovery defense counsel is reviewing in this case includes investigative reports, probation and criminal history records, search warrant documents, voluminous records relating to defendant's social media accounts, and information about defendant. Defense counsel continues with his analysis of these items.

4. The government provided prior counsel a plea offer in this case. It will remain open through the continued July 7, 2021 status conference date. Counsel for the parties intend to substantively discuss its terms once defense counsel has been able to complete his analysis of discovery provided. Defendant is currently in custody. In light of logistical hurdles created by COVID-19, it may prove difficult for defense counsel to arrange with the appropriate jail personnel to timely speak with him in confidence, and these discussions will need to continue after the aforementioned evidence review is completed. The parties nevertheless will endeavor to meaningfully continue with their efforts at resolving this matter prior to the continued status conference.

5. The parties therefore stipulate that the period of time from April 21, 2021, through July 7, 2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

///
///
///
///

4

1      IT IS SO STIPULATED.

2

3  Dated:  April 12, 2021                   PHILIP A. TALBERT
                                          Acting United States Attorney

4

5                                 By:  /s/ Brian W. Enos
                                   Brian W. Enos

6                                    Assistant United States Attorney

7

8                                 (*As authorized 4/13/21*)

9  Dated: April 13, 2021           By:   /s/ Eric V. Kersten
                                   Eric V. Kersten, Esq.

10                                    Attorney for Defendant
                                   Robert Frenchie McGriff

11

12                              **O R D E R**

13

14      IT IS ORDERED that the status hearing currently set for Wednesday, April 21, 2021, at 1:00 pm is continued until Wednesday, July 7, 2021, at 1:00 pm.

15

16      IT IS FURTHER ORDERED THAT the period of time from April 21, 2021 through July 7, 2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

17

18

19

20

21  IT IS SO ORDERED.

22

23  Dated:   **April 13, 2021**                    /s/ *Sheila K. Oberto*

24                                 UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                   5