PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>          v.<br><br>ROBERT FRENCHIE McGRIFF,<br><br>                       Defendant. | Case No: 1:19-cr-00133 NONE/SKO<br><br>**STIPULATION TO CONTINUE MAY 4, 2022 STATUS CONFERENCE TO JULY 20, 2022; ORDER**<br><br>Ctrm:    7<br><br>Hon. Sheila K. Oberto |

This case is set for a status conference on Wednesday, May 4, 2021.  Dkt. 58.  On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice."  Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

1

will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the

prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Eric V. Kersten, counsel for defendant Robert Frenchie McGriff ("defendant"), that this action's **Wednesday, May 4, 2022 status conference be continued to Wednesday, July 20, 2022, at 1:00 p.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. As explained within a January 12, 2021 Joint Status Report (Dkt. 34), prior defense counsel Gary Huss advised the court of his intent to move to withdraw from the case. The court both heard and granted this motion on January 25, 2021. Mr. McGriff did not object to prior counsel's request to withdraw. Dkt. 37.

2. On February 16, 2021, Mr. McGriff's new counsel filed his Notice of Appearance regarding

this case, and appeared at its status conference later that day. Dkts. 38 and 39. At this status conference, counsel for the government advised the court that he had provided new counsel with a full set of discovery previously provided to Mr. McGriff's prior counsel, which itself exceeds many thousands of pages of information. Dkt. 39. The parties also agreed to a stipulation safeguarding the confidentiality of third parties identified in this discovery, which the court endorsed by way of a formal order. Dkt. 41.

3. As noted in the parties' prior stipulation that the court endorsed by way of formal order on January 21, 2022 (Dkt. 57), defense counsel was on leave from December 2021 until March 2022. The parties submit this stipulation in part to allow time for defense counsel's return to the office in the interest of continuity of counsel.

4. Defense counsel nears the completion of his: (1) review of the voluminous discovery in this case and (2) discussing the contents of the same with defendant. Instagram evidence alone consists of thousands of pages of materials, and this discovery further includes investigative reports, probation and criminal history records, search warrant documents, voluminous records relating to defendant's social media accounts, and information about defendant.

5. Defense counsel is also considering retaining an expert to review cell phone and other electronic data. Counsel for the government will promptly assist as necessary to arrange for the defense's review of any electronic evidence in this case, as contemplated by 18 U.S.C. § 3509(m) of the Adam Walsh Act.

6. The government provided prior counsel a plea offer in this case. It will remain open through the continued May 4, 2022 status conference date. Counsel for the parties intend to continue substantively discussing its terms through the defense's ability to complete its analysis of discovery provided and consider the propriety of pretrial motions. Defendant is currently in custody in Kern County, California. Defense counsel has arranged with the appropriate jail personnel to timely speak with him in confidence, and these discussions will need to continue after the aforementioned evidence review is completed. The parties nevertheless will endeavor to meaningfully continue with their efforts at resolving this matter prior to the

continued status conference. If such a resolution is achieved, the parties will promptly advise the court and request the scheduling of a change of plea hearing. If a resolution is not achieved by the requested continuance date, either the defense will be prepared to request a briefing schedule regarding pretrial motions, or the parties will request the setting of a trial date.

7. The parties therefore stipulate that the period of time from May 4, 2022, through July 20, 2022, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 26, 2022                        PHILIP A. TALBERT
                                             United States Attorney

                                             By: /s/ Brian W. Enos
                                                 Brian W. Enos
                                                 Assistant United States Attorney


                                             (*As authorized 4/26/22*)

Dated: April 26, 2022                        By: /s/ Eric V. Kersten
                                                 Eric V. Kersten, Esq.
                                                 Attorney for Defendant
                                                 Robert Frenchie McGriff

**O R D E R**

IT IS ORDERED that the status hearing currently set for Wednesday, May 4, 2022 at 1:00 pm is continued until Wednesday, July 20, 2022, at 1:00 pm.

IT IS FURTHER ORDERED THAT the period of time from May 4, 2022, through July 20, 2022, is deemed excludable for the reasons set forth in the parties' stipulation. The parties shall be prepared to select a mutually agreeable trial date at the next status conference.

Dated: 4/28/2022

*Sheila K. Oberto*
Honorable Sheila K. Oberto
United States Magistrate Judge