PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare St., Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No: 1:19-cr-00133 JLT |
|---|---|
| Plaintiff, | **STIPULATION TO: (1) VACATE MARCH 14, 2023 TRIAL DATE; (2) REQUEST EVALUATION PURSUANT TO 18 U.S.C. §§ 4241 AND 4247; AND (3) SET MAY 1, 2023 STATUS CONFERENCE; ORDER** |
| v. | |
| ROBERT FRENCHIE McGRIFF, | Ctrm: 4 |
| Defendant. | Hon. Jennifer L. Thurston |

On June 20, 2019, the grand jury returned an indictment against defendant Robert Frenchie McGriff ("McGriff"), alleging counts including attempted sex trafficking of children, in violation of 18 U.S.C. §§ 1591(a) and 1594(a) [Count One]; and attempted transportation of a minor with intent to engage in a criminal sexual activity, in violation of 18 U.S.C. §§ 2423(a) and (3) [Count Two]. Dkt. 7. On January 25, 2021, McGriff's prior defense counsel, Gary Huss, moved to withdraw from this case. Dkt. 37. The court granted this motion, and by February 16, 2021, the undersigned appeared as McGriff's new defense counsel. Dkt. 38.

On July 5, 2022, the court (Ctrm. 7) issued a minute order directing the parties to "be prepared to select a mutually agreeable trial date at the next status conference" should the case not be resolved

1

beforehand.  Dkt. 61.  On July 12, 2022, the parties filed a stipulation and proposed order setting a trial date of March 13, 2023.  Dkt. 62.  On July 13, 2022, the court endorsed the parties' stipulation by way of formal order, and set trial to take place on March 13, 2023.  Dkt. 63.  On January 3, 2023, the court issued a minute order continuing the trial date one day, or to March 14, 2023.  Dkt. 64.

Since first appearing in this case, the undersigned defense counsel has spoken and otherwise communicated with Mr. McGriff on several occasions.  He has also reviewed this case's discovery materials (including McGriff's many statements contained therein), additional information obtained, and McGriff's criminal history records.  In light of the above, a question has arisen regarding the extent McGriff is able to (1) understand the nature and consequences of the proceedings against him, and (2) assist properly in his defense.

Counsel to the parties have generally discussed defense counsel's concerns in this regard, and pursuant to the same the parties agree that an assessment of Mr. McGriff's competency should take place prior to trial.  The parties therefore request transporting defendant to an appropriate Bureau of Prisons facility for evaluation, specifically to assess defendant's mental health and, in case there is a guilty verdict or guilty plea, to aid this Court in determining the appropriate sentence and assist the Bureau of Prisons in making its best designation.  On this end, the parties note that where the court has representations forming a reasonable basis to believe a defendant may face mental fitness challenges on how proceed, whether by motion, by facts coming before it, or through its own observations, the court must order a psychiatric or psychological exam.  *See generally Chavez v. United States*, 656 F.2d 512, 516-18 (9th Cir. 1981).

The parties ask the court to endorse this stipulation by way of formal order, and in accord with 18 U.S.C. §§ 3161, 4241, and 4247.

**STIPULATION**

For the reasons set forth herein, the parties stipulate, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Eric V. Kersten, counsel for McGriff, that:

(1) the trial set for March 14, 2023, be vacated;

(2) Mr. McGriff undergo:

    (a) a psychiatric and/or psychological examination pursuant to 18 U.S.C. §§ 4241, and

    (b) a report be filed pursuant to 18 U.S.C. § 4247 to assist the court in determining Mr. McGriff's present mental challenges concerning how to proceed in this case, as well as to assist this Court at sentencing should there be a guilty verdict or guilty plea, and, if needed, to assist the Bureau of Prisons in making its appropriate designation; and

(3) set a status conference for roughly ninety (90) days from the filing this stipulation, or May 1, 2023 (Ctrm 4, 10:00 am), or on any other date and at a time convenient to the Court.

The parties further stipulate that the period of time from March 13, 2023 through May 1, 2023, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) in that this time period results from "any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant" and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated: January 30, 2023

PHILLIP A. TALBERT
United States Attorney

By: /s/ Brian W. Enos
Brian W. Enos
Assistant United States Attorney

(*As authorized 1/30/23*)

Dated: January 30, 2023    By: /s/ Eric V. Kersten
Eric V. Kersten
Attorney for Defendant
Robert Frenchie McGriff

3

**[PROPOSED] O R D E R**

IT IS ORDERED that:

1. This action's trial currently set for March 14, 2023 is vacated;

2. Pursuant to 18 U.S.C. §4241(b):

    a. An examination of Mr. McGriff's competency shall be conducted and a psychiatric and/or psychological report of this examination shall be filed with the court pursuant to the provisions of 18 U.S.C. §4247(b) and (c);

    b. Mr. McGriff is committed to the custody of the U.S. Bureau of Prisons for the period of examination for placement in a suitable facility, and the U.S. Marshal's Service is directed to transfer him to a suitable facility for examination, with the court recommending a suitable facility within reasonable proximity to this District;

    c. Mr. McGriff shall submit to a psychiatric and/or psychological examination by an examiner chosen by the Bureau of Prisons who is designated as an examiner under the provisions of 18 U.S.C. § 4247(b);

    d. The psychiatric and/or psychological report ordered shall be prepared by the Bureau of Prisons and shall be filed with the Court with copies provided to counsel for Mr. McGriff and to the attorney for the Government, and shall include: (1) the person's history and present symptoms; (2) a description of the psychiatric, psychological and medical tests employed and their results; (3) the examiner's findings; (4) the examiner's opinions as to diagnosis, prognosis; and (5) whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

    e. Mr. McGriff, through his lawyer Mr. Eric V. Kersten, shall forward copies of any and all available hospital, medical, psychological and psychiatric reports to the examiner;

    f. A copy of this order shall be provided to the U.S. Marshal's Office which shall make arrangements as necessary for the examination of the defendant;

4

      g. A copy of this Order shall be provided to the U.S. Bureau of Prisons;

      h. Upon the completion of the examination, the U.S. Bureau of Prisons shall notify the Court, in writing, of the completion of the examination; and

      i. In accordance with Federal Rule of Criminal Procedure 12.2(c)(4), "[n]o statement made by the defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant: (A) has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1), or (B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2)."

3. A status conference is set for Monday, May 1, 2023, at 10:00 am.

IT IS FURTHER ORDERED THAT the period of time from March 13, 2023, through May 1, 2023, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) in that this time period results from "any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant" and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

    Dated: **January 30, 2023**

                                              UNITED STATES DISTRICT JUDGE