PHILLIP A. TALBERT
United States Attorney
KATHERINE T. LYDON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT FRENCHIE MCGRIFF,<br><br>Defendant. | CASE NO. 1:19-CR-0133 KJM<br><br>STIPULATION REGARDING SETTTING TRIAL, EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER<br><br>DATE: June 4, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for trial before Judge Thurston to begin on June 4, 2024.

2. Subsequently, based on Amended Local Rule 120 addressing the reclassification of Stanislaus County to the Sacramento Division rather than the Fresno Division of the Eastern District of California, this Court ordered the matter reassigned to Chief U.S. District Court Judge Kimberly J. Mueller. *See* Dkt. No. 75.

3. By this stipulation, the defendant now moves to continue the trial date, resetting trial to begin on August 19, 2024, and set a Trial Confirmation Hearing on July 1, 2024, and to exclude time between June 4, 2024, and August 19, 2024, under Local Code T4.

4. The requested trial date is due to the need for defense coordination with the client and trial preparation, while taking into account scheduling constraints. Specifically, defense counsel has trials set to begin January 30, 2024 (*U.S. v. Marin*) and March 19, 2024 (*U.S. v. Salazar*). Government counsel has a trial set for May 14, 2024 (*U.S. v. Pooley*), which may run into June 2024. Defense counsel also has a family trip to Europe in July 2024. Given those competing demands which the defense's trial preparation must work around, a trial date in August appears to be the soonest practicable option. The requested TCH date of July 1, 2024 is in order to avoid conflicting with defense counsel's family travel.

5. The parties are agreeable to appearing for a status conference at the Court's convenience in the interim. Subject to his Fresno court schedule, defense counsel advised he can come to Sacramento should the Court order a status and would consult with his client regarding whether his client would prefer to attend any status conference personally or submit a waiver of personal appearance.

6. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes more than 500 bates-stamped records, including reports, jail call recordings, search warrant documents, video evidence, audio evidence, a cell phone extraction, and more. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendant desires additional time in order to coordinate with his client, review discovery, and prepare for trial.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 4, 2024 to August 19, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

7.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 5, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ KATHERINE T. LYDON
KATHERINE T. LYDON
Assistant United States Attorney

Dated: January 5, 2024

/s/ ERIC V. KERSTEN
ERIC V. KERSTEN
Counsel for Defendant
ROBERT FRENCHIE
MCGRIFF

**ORDER**

IT IS SO FOUND AND ORDERED this 10th day of January, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE